UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA BARNETT,<br><br>  Plaintiff,<br><br>  v.<br><br>XAVIER BECERRA, et al.,<br><br>  Defendants. | Case No. 17-cv-05514-SI<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS, DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. Nos. 2, 3 |

On September 22, 2017, plaintiff Melissa Barnett filed a complaint and a motion for leave to proceed in forma pauperis. Dkt. Nos. 1, 2. Plaintiff, who is representing herself pro se, also filed a motion for appointment of counsel. Dkt. No. 3. The Court rules as follows.

**I. Application to Proceed In Forma Pauperis**

28 U.S.C. § 1915(a) authorizes the Court to permit the filing of a lawsuit, without prepayment of the filing fees, by a person who submits an affidavit showing that she is unable to pay the fees.

Plaintiff's application to proceed in forma pauperis (IFP) is denied as incomplete. Specifically, plaintiff has not completed: Question 1 (which asks an applicant who is unemployed to state the date of last employment and the gross and net salary and wages per month of that job); Question 2; Question 6; and Question 8. **Plaintiff must re-submit a complete IFP application or pay the filing fee no later than October 27, 2017.**

//

//

**II.     Dismissal of Complaint with Leave to Amend**

Notwithstanding the incomplete nature of the IFP application, the Court further finds that it is appropriate to dismiss the complaint with leave to amend. The statute that authorizes courts to allow lawsuits to proceed without prepayment of the filing fees also requires the Court to "dismiss the case at any time if the court determines that − . . . the action or appeal − (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim for relief, the complaint must contain "a short and plain statement showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1]

In this case, plaintiff is suing twenty-four different defendants, including California State Attorney General Xavier Becerra, the Chief Justice of the California Supreme Court Tani Cantil-Sakauye, numerous judges of the Superior Court of Napa County, the president and CEO of St. Helena Hospital, the Police Chief of the St. Helena Police Department, and the Superintendent of the St. Helena Unified School District, among others. Compl. at 4-11. She sues on behalf of herself and her minor child "S," "each a qualified individual with a mental health disability. *Id.* at 2, 4. Plaintiff alleges: "Defendants acted on assumptions and sex-based stereotypes about Plaintiffs' disabilities; and failed to individually analyze what services and supports would be appropriate considering those disabilities. Defendants refused to provide appropriate individualized treatment and accommodations necessary to ensure that Plaintiffs had full and equal opportunity to court proceedings to which Melissa Barnett's parental rights and child's custody were at issue." *Id.* at 2. Plaintiff brings two causes of action. The first is for violation of Titles II

---

[1] "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).

and III of the Americans with Disabilities Act. *Id.* at 20. The second is for violation of Section 504 of the Rehabilitation Act. *Id.* at 27.

It is unclear to the Court exactly what conduct or events are at issue in this lawsuit and how each of the defendants was involved. Plaintiff refers to "a dissolution by trial" in 2006 that resulted in her receiving child support and primary physical custody of S. Compl. at 13. Later in the complaint, plaintiff states that she seeks as a remedy "the restoration of Plaintiff child to Plaintiff mother, per enforcement of the JOD." *Id.* at 22. The Court cannot discern whether plaintiff is asking that the Court restore her child "S" to plaintiff's custody, or if she is referring to a different child, or when plaintiff lost custody of her child.[2] Plaintiff appears to be challenging state court proceedings, but it is unclear when the court proceedings occurred or what type of proceedings these were. The complaint refers repeatedly to court proceedings "from 2005 to present" or events occurring "in 12 years." Compl. at 16-18. Plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Twombly*, 550 U.S. at 570.

Additionally, it appears that at least some of the defendants may be immune from the relief that plaintiff seeks. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). In the Prayer for Relief, plaintiff seeks, among other things, compensatory and punitive damages in the amount of $1.44 million to each plaintiff. Compl. at 31. A state judge is absolutely immune from civil liability for damages for acts performed in his or her judicial capacity, however. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Plaintiff states in the complaint, "A Judge is not immune for tortious acts committed in a purely Administrative, non-judicial capacity." Compl. at 27. Even so, the Court does not know whether plaintiff is suing the judges here for administrative acts or judicial acts or any other kinds of acts, because the complaint does not provide enough factual allegations about what plaintiff claims the defendants

---

[2] Plaintiff's complaint, although brought on behalf of herself and her minor child "S" also refers in Count 1 to plaintiff's need for treatment and accommodations in "court proceedings concerning her parental rights and the custody of her minor children D and G[.]" Compl. at 20. It is further unclear to the Court what "JOD" refers to.

3

each did.

The complaint contains many paragraphs of legal argument as well as references to laws that the plaintiff is not suing under (such as the Health Insurance Portability and Accountability Act of 1996, the Fourth Amendment, and the Fifth Amendment). In her amended complaint, plaintiff must focus on the facts, rather than on legal argument. This should include concise, clear statements of the unlawful actions that plaintiff alleges occurred, timelines for when these events happened, and information about which defendants committed the acts.

In amending her complaint, plaintiff may find it useful to contact the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. Help Centers are located at the San Francisco and Oakland Courthouses and assistance is available by appointment. The San Francisco Help Desk is located at 450 Golden Gate Ave., 15th Floor, Room 2796, San Francisco, CA 94102. The Oakland Help Desk is located at 1301 Clay Street, 4th Floor, Room 470S Oakland, CA 94612. To make an appointment, call: (415)782-8982. *See also* https://www.cand.uscourts.gov/legal-help.

**Plaintiff must file her amended complaint no later than October 27, 2017.**

### III. Motion for Appointment of Counsel

Finally, plaintiff's motion for appointment of counsel is DENIED without prejudice to refiling in the future. A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, the decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* Neither the need for discovery, nor the fact that the pro se litigant would be better

served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

The Court will not consider a request for appointment of counsel until there is a complaint on file that meets the basic requirements set out in this Order, i.e. a complaint that sets out the facts describing what events plaintiff is challenging as unlawful, when the events occurred, and which defendants are alleged to have committed the acts. At this point, plaintiff has not demonstrated a likelihood of success on the merits. Further, the lack of factual allegations in the complaint makes it impossible for the Court to determine whether the case involves complex legal issues.

**CONCLUSION**

The IFP application is DENIED without prejudice as incomplete. Plaintiff's complaint is DISMISSED with leave to amend. Plaintiff's motion for appointment of counsel is DENIED without prejudice. Plaintiff may wish to seek free information from the Legal Help Center by calling (415)782-8982.

**Plaintiff must re-submit a complete IFP application or pay the filing fee no later than October 27, 2017. Plaintiff must also file an amended complaint that complies with this Order no later than October 27, 2017.**

**IT IS SO ORDERED**.

Dated: October 6, 2017

SUSAN ILLSTON
United States District Judge